**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO.**

| | |
|---|---|
| MARIAN SNOW a/k/a MARIAN SNOW-GIBBONS, | ) |
| | ) |
| | ) **COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| vs. | ) **JURY TRIAL DEMAND** |
| | ) |
| DISCOVER FINANCIAL SERVICES (INC.), | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

### NATURE OF ACTION

1.      This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat § 75-50 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### PARTIES

4.      Plaintiff Marian Snow a/k/a Marian Snow-Gibbons ("Plaintiff") is a natural person who, at all relevant times, resided in the State of North Carolina, County of Wake, and City of Garner.

1

5.      Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

6.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

7.      Plaintiff is a "consumer" as defined by N.C. Gen. Stat. § 75-50(1).

8.      Defendant Discover Financial Services (Inc.) ("Defendant") is a bank holding company who itself, or by and through its affiliates or subsidiaries, engages in the collection of debts.

9.      Defendant, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

10.     Defendant is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

**FACTUAL ALLEGATIONS**

11.     Beginning in approximately March 2012, Defendant began calling Plaintiff's telephone number ending in 8462 in an attempt to collect an alleged consumer debt in default.

12.     On March 6, 2012, at approximately 6:19 pm, Plaintiff spoke with a representative of Defendant, and told Defendant to stop calling her.

13.     On March 9, 2012, at approximately 4:20 pm, Plaintiff spoke with a representative of Defendant, and told Defendant to stop calling her.

14.     On March 13, 2012, at approximately 11:47 am, Plaintiff spoke with a representative of Defendant, and told Defendant to stop calling her.

2

15.     Also on March 13, 2012, Plaintiff mailed a written communication to Defendant demanding that Defendant only communicate with her in writing regarding her account.

16.     On July 20, 2012 at approximately 1:52 pm, Plaintiff spoke with a representative of Defendant, and told Defendant to stop calling her.

17.     Thereafter, towards the end of July 2012, Plaintiff mailed another written communication to Defendant asking it to stop contacting her.

18.     Between March 1, 2012 and September 30, 2012, Defendant placed no less than 747 telephone calls to Plaintiff's telephone number ending in 8462, notwithstanding the fact that it lacked Plaintiff's consent to do so.

19.     Plaintiff's telephone number ending in 8462 is associated with RingCentral, which is a cloud-based telephone service for which Plaintiff is charged for each incoming and outgoing call.

20.     During a number of the above-mentioned calls to Plaintiff's telephone number ending in 8462, Defendant left voice messages using an artificial or pre-recorded voice.

21.     Additionally, between June 29, 2012 and September 30, 2012, Defendant placed no less than 25 telephone calls to Plaintiff's cellular telephone number, ending in 9170, notwithstanding the fact that it lacked Plaintiff's consent to do so.

22.     During a number of the above-mentioned calls to Plaintiff's cellular telephone number ending in 9170, Defendant left voice messages using an artificial or pre-recorded voice.

23.     On more than one occasion during the above-mentioned period, Defendant called Plaintiff as many as ten times in a single day.

24.     Upon information and good-faith belief, all of the telephone calls placed to Plaintiff's telephone numbers ending in 8462 and 9170 were made using an automatic telephone

3

dialing system and/or predictive dialer.

25.     Defendant did not have Plaintiff's prior express consent to make any of the above-referenced telephone calls to Plaintiff.

26.     Upon information and good-faith belief, Defendant placed the telephone calls identified above voluntarily and under its own free will.

27.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

28.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or predictive dialer to make and/or place each of the telephone calls identified above.

29.     Defendant did not place any telephone calls to Plaintiff for emergency purposes.

30.     Rather, upon information and good-faith belief, Defendant placed each and every call to Plaintiff in connection with the collection of an alleged debt.

31.     Though each and every call referenced herein was placed by Defendant in an attempt to collect a debt, Defendant did not disclose in any of the voicemails that it left for Plaintiff at either telephone number, or at any other time, that the purpose of each of the calls was to collect a debt.  Defendant left in excess of 225 voicemails for Plaintiff where it did not disclose that the purpose of each of the calls was to collect a debt.

32.     Upon information and good-faith belief, Defendant maintains business records that document all telephone calls placed by it to Plaintiff.

**COUNT I**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

33.     Plaintiff repeats and re-alleges each and every factual allegation contained in

paragraphs 1 – 32.

34. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone number, using an automatic telephone dialing system, predictive dialer, and/or an artificial or pre-recorded voice.

35. Defendant also violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to a number associated with a service for which Plaintiff is charged for the calls, using an automatic telephone dialing system, predictive dialer, and/or an artificial or pre-recorded voice.

**COUNT II**
**VIOLATION OF N.C. GEN. STAT. § 75-52(3)**

36. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 32.

37. Defendant violated N.C. Gen. Stat. § 75-52(3) by causing a telephone to ring with such frequency as to be unreasonable or to constitute a harassment to Plaintiff.

38. Indeed, Defendant made no less than 772 calls to Plaintiff between March 1, 2012 and September 30, 2012, including calling Plaintiff as many as ten times in one day, notwithstanding Plaintiff's multiple demands, both over the telephone and in writing, that Defendant stop calling Plaintiff.

39. Defendant's numerous calls to Plaintiff, notwithstanding Plaintiff's multiple demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, constitute harassing conduct, and are thus unfair and deceptive acts.

40. The debt collection calls made by Defendant were directly connected with the consumer debt that Plaintiff allegedly owed to Defendant, and thus the debt collection calls of Defendant were business activities in or affecting commerce.

41. Defendant's actions caused Plaintiff injury, including emotional distress, pain and

5

suffering, and economic loss, in the form of charges incurred for the numerous calls made by Defendant to Plaintiff. Indeed, after months of being inundated by the continued calls, Plaintiff become overwhelmed with stress, was unable to sleep, and developed constant headaches. Further, Plaintiff received so many calls from Defendant that her minutes were exhausted, causing her to miss telephone calls. As a result of defendant's conduct, Plaintiff ultimately had to purchase a more expensive plan compensate for all of the minutes used by Defendant's calls and messages.

## COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-54(2)

42.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 – 32.

43.     Defendant violated N.C. Gen. Stat. § 75-54(2) by failing to disclose in each of the above-referenced voicemails, and in other voicemails that may be reflected in Defendant's records, that the purpose of each communication was to collect a debt.

44.     Defendant's numerous calls to Plaintiff wherein it failed to disclose that it was calling to collect a debt, notwithstanding Plaintiff's multiple demands, both over the telephone and in writing, that Defendant stop calling Plaintiff, constitute harassing conduct, and are thus unfair and deceptive acts.

45.     The debt collection calls made by Defendant were directly connected with the consumer debt that Plaintiff allegedly owed to Defendant, and thus the debt collection calls of Defendant were business activities in or affecting commerce.

46.     Defendant's actions caused Plaintiff injury, including emotional distress, pain and suffering, and economic loss, in the form of charges incurred for the numerous calls made by Defendant to Plaintiff. Indeed, after months of being inundated by the continued calls, Plaintiff

become overwhelmed with stress, was unable to sleep, and developed constant headaches. Further, Plaintiff received so many calls from Defendant that her minutes were exhausted, causing her to miss telephone calls. As a result of defendant's conduct, Plaintiff ultimately had to purchase a more expensive plan compensate for all of the minutes used by Defendant's calls and messages.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Adjudging and declaring that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii), and that Defendant did so knowingly and willingly, and also that Defendant violated N.C. Gen. Stat. § 75-52(3) and N.C. Gen. Stat. § 75-54(2), and enjoining Defendant from further violations of those provisions with respect to Plaintiff;

(b) Adjudging, pursuant to N.C. Gen. Stat. § 75-56(a), that Defendant's violations of N.C. Gen. Stat. § 75-52(3) and N.C. Gen. Stat. § 75-54(2) constitute unfair or deceptive acts or practices proscribed by N.C. Gen. Stat. § 75-1.1;

(c) Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500.00 per violation;

(d) Awarding Plaintiff statutory damages pursuant to N.C. Gen. Stat. § 75-56(b)(ii) in the amount of $4,000.00 per violation;

(e) Awarding Plaintiff actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B) and N.C. Gen. Stat. § 75-56(b)(i);

(f) Awarding Plaintiff treble damages pursuant to N.C. Gen. Stat. § 75-16;

(g) Awarding Plaintiff her reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to N.C. Gen. Stat. § 75-16.1;

(h) Awarding other and further relief as the Court may deem just and proper;

(i)     Awarding Plaintiff any pre-judgment and post-judgment interest as may

be allowed under the law; and

(j)     Awarding such other and further relief as the Court may deem just and

proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 20, 2014.

Respectfully submitted,

*/s/ Wesley S. White*
Wesley S. White, NCSB #4391
2020 S. Tryon St. Suite 2A
Charlotte, North Carolina 28203
Telephone:     (704) 714-5973
Facsimile:     (704) 333-1645
wes@weswhitelaw.com

James L. Davidson *
Florida Bar No. 723371
Greenwald Davidson PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone:     (561) 826-5477
Facsimile:     (561) 961-5684
jdavidson@mgjdlaw.com

* to seek admission *pro hac vice*

ATTORNEYS FOR PLAINTIFF