IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-25-D

| | | |
|---|---|---|
| MARIAN SNOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DISCOVER FINANCIAL SERVICES (INC.), | ) | |
| | ) | |
| Defendant. | ) | |

On May 16, 2014, defendant moved for an order compelling Marian Snow ("Snow" or "plaintiff") to arbitrate her claims against defendant. See [D.E. 18]. Defendant also filed a memorandum in support of the motion, and a declaration from Jeff Naami. See [D.E. 19, 20]. On June 6, 2014, Snow responded in opposition [D.E. 23] and filed her own declaration. See [D.E. 24]. On June 25, 2014, defendant replied [D.E. 31] and filed a supplemental declaration from Jeff Naami. See [D.E. 32].

The record demonstrates: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute and that is enforceable under general provisions of contract law; (3) the relationship of the transaction, as evidenced by the agreement, to interstate commerce; and (4) Snow's refusal to arbitrate the dispute. Thus, the court grants the motion to compel arbitration. See, e.g., Marmet Health Care Ctr., Inc. v. Brown, 132 S. Ct. 1201, 1202–03 (2012) (per curiam); CompuCredit Corp. v. Greenwood, 132 S. Ct. 665, 669 (2012); AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1744 (2011); Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56–58 (2003); Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91–92 (2000); Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 221 (4th Cir. 2014); Rota-McLarty v. Santander Consumer USA, Inc., 700 F.3d 690, 697–98 (4th Cir. 2012); Newman

v. First Montauk Fin. Corp., No. 7:08-CV-116-D, 2010 WL 2933281, at *7–8 (E.D.N.C. July 23, 2010) (unpublished); Aspen Spa Props., LLC v. Int'l Design Concepts, LLC, 527 F. Supp. 2d 469, 473–74 (E.D.N.C. 2007).

In sum, defendant's motion to compel arbitration [D.E. 18] is GRANTED, and defendant's motion for a protective order [D.E. 26] is DISMISSED as moot. The court STAYS the action pending arbitration of plaintiff's claims. The parties shall notify this court upon the conclusion of the arbitration.

SO ORDERED. This 6 day of August 2014.

James Dever
JAMES C. DEVER III
Chief United States District Judge

2

Case 5:14-cv-00025-D   Document 34   Filed 08/06/14   Page 2 of 2